NOT DESIGNATED FOR PUBLICATION

No. 124,111

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JUSTIN R. FREEMAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; JOE DICKINSON, judge. Opinion filed June 3, 2022. Reversed and remanded with directions.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellant.

*Steven D. Mank*, of Wichita, for appellee.

Before SCHROEDER, P.J., GREEN and GARDNER, JJ.

PER CURIAM: Justin R. Freeman was charged with two counts of aggravated indecent liberties with a child. After considering the evidence presented at the preliminary hearing, the district court dismissed the charges against Freeman, finding there was no evidence any sexually abusive touching of the alleged victim occurred. The State appeals from the dismissal, asserting the district court erroneously resolved conflicting evidence in favor of the defense. Upon our review, we find, however weak the evidence was at the preliminary hearing, a factual question still existed requiring

1

Freeman be bound over for trial on the charges presented. Thus, we must reverse and remand to the district court for further proceedings.

FACTS

Freeman's children were friends with the alleged victim in this case, S.Y., and her brother, D.C. S.Y. and D.C. would often play with Freeman's children in his home. A family friend of the Freemans, Russell Walter, would often come over to the Freemans' home to spend time with the family, share meals, and play with the children. At various times, Freeman's daughters, as well as S.Y., would sit on his lap and he would tickle them. The girls would also sit on Walter's lap, and he would tickle them as well. This tickling always occurred over the clothes, with the lights on, in view of the other children, and often with Freeman's wife present as well. No one thought anything was unusual about the tickling as part of the children's play and interaction with Freeman and Walter. These actions occurred regularly over many months. At some point, S.Y. told her mother, S.C., the tickling made her uncomfortable, but S.C. had no concerns at that time, and S.Y. continued to play with the Freeman children in the Freemans' home and participate in the tickling with Freeman and Walter.

In the spring of 2020, S.C. learned Freeman had been charged with sex crimes involving another child. Even knowing about these charges, S.C. still allowed S.Y. to visit the Freemans' home and play with Freeman's children. In August 2020, S.C. was contacted at her home by law enforcement seeking information regarding the prior allegations against Freeman. After the detective left her home, S.Y. told S.C. she thought "[Freeman] touched [her] in some bad places." S.C. asked S.Y. where the touching occurred, and S.Y. gestured toward her breasts, buttocks, and genital area. S.Y. later told S.C. this touching occurred frequently. S.C. was upset and filed for a protection from abuse order against Freeman on behalf of S.Y., alleging he touched S.Y.'s genitals. S.Y. later told S.C. Walter had also touched her inappropriately.

2

S.Y.'s allegations were reported to law enforcement, who requested S.Y. go to the Heart to Heart Child Advocacy Center for a forensic interview. In September 2020, Jessica Taylor conducted the forensic interview, which was videorecorded and later admitted as evidence at the preliminary hearing. Taylor also conducted a videorecorded interview of D.C., which was included on the same DVD as S.Y.'s interview; however, there is no indication D.C.'s interview was admitted or considered by the district court. In the course of the interview, S.Y. told Taylor she had been touched by Freeman and Walter. S.Y. said she did not like being tickled and did not want Freeman or Walter to do so. Taylor asked S.Y. where she had been touched, and S.Y. then "gestured to the general area" of what she described as "her privates." Taylor had S.Y. clarify what she meant by "privates," and S.Y. "described them as vagina" when referring to an anatomical drawing. S.Y. also claimed she was touched on or around her breasts and buttocks.

In October 2020, Freeman and Walter were both charged with two counts of aggravated indecent liberties with a child in separate cases. Walter is not a party to this appeal; however, he is the appellee in *State v. Walter* (No. 124,115, this day decided) (unpublished opinion), and the issues presented in both appeals are essentially identical. In March 2021, the district court held a joint preliminary hearing. The State presented testimony from Taylor, S.C., and the investigating officer, Deputy Nathan Regier. The recording of Taylor's interview of S.Y. was admitted during Taylor's testimony. The district judge indicated he would take the matter under advisement and issue a written ruling after watching the interview video again because there were parts he could not hear clearly. After considering the evidence, the district court issued a written decision dismissing the charges against both Freeman and Walter, stating, in relevant part:

> "I listened to the interview with the alleged victim at the Heart to Heart Advocacy Center.

"Apparently, Mr. Freeman and Mr. Walter tickled the alleged victim a lot and I understand this was a fairly regular occurrence when the ten year old girl went to play with her friends.

. . . .

"No one, including the child, thought anything of the tickling until charges were filed against Mr. Freeman. The same conduct that was repeated countless times then was viewed in a new light.

"The evidence before the court is the same evidence that was an everyday occurrence repeated in front of various adults and children. The same conduct, tickling, which did not raise red flags at the time, is the conduct which must be examined for a probable cause finding today. There were no demonstrable signs of sexual abuse at the time of the alleged occurrence. The circumstances of another offense[] understandably raised red flags with the child's parents here, but cannot act as a substitute for a probable cause finding in this case.

"Is it possible that Mr. Freeman and Mr. Walter's tickling was a ruse for touching the child? Yes, that is possible but the standard is probable cause, which is obviously a higher burden than raising the mere possibility of a criminal offense.

"The charges against Mr. Freeman and Mr. Walter are dismissed."

Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review*

The State now appeals the district court's dismissal of the charges against Freeman following the preliminary hearing. At a preliminary hearing, the district court hears the State's evidence and determines (1) whether a felony has been committed and (2) whether there is probable cause to believe that the defendant committed the crime. Our standard of review is de novo on appeal of a district court's dismissal of charges for lack of probable cause after the preliminary hearing. *State v. Washington*, 293 Kan. 732, 733-34, 268 P.3d 475 (2012).

4

Probable cause requires the court to find the evidence is "'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief'" of the defendant's guilt. *State v. Brown*, 299 Kan. 1021, 1030, 327 P.3d 1002 (2014), *overruled on other grounds by State v. Dunn*, 304 Kan. 773, 375 P.3d 332 (2016). In determining whether this standard is satisfied, the district judge must draw all inferences in favor of the State. "Even where the evidence is weak, the defendant should be bound over for trial if the evidence tends to disclose that the offense charged was committed and that the defendant committed it. [Citation omitted.]" *Washington*, 293 Kan. at 734. Where the evidence fails to establish a felony has been committed, the court must discharge the defendant. K.S.A. 2020 Supp. 22-2902(3).

To the extent the issue requires us to interpret the statute under which Freeman was charged—K.S.A. 2019 Supp. 21-5506(b)(3)(A)—it presents a question of law subject to unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

*Discussion*

K.S.A. 2019 Supp. 21-5506(b)(3)(A) defines aggravated indecent liberties with a child as: "Any lewd fondling or touching of the person of either the child or the offender, done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the offender, or both," done "with a child who is under 14 years of age." Here, it is undisputed S.Y. was under 14 years of age when the alleged touching occurred. Thus, we look to see if (1) any touching of S.Y. was lewd and (2) whether Freeman acted with the requisite intent—to arouse or satisfy his own sexual desires, S.Y.'s, or both.

With this understanding, our Supreme Court explained in *State v. Ta*, 296 Kan. 230, 242-43, 290 P.3d 652 (2012):

"[W]hether a touching is lewd should be determined by considering the common meaning of the term 'lewd,' that is whether a touching is 'sexually unchaste or licentious; suggestive of or tending to moral looseness; inciting to sensual desire or imagination; indecent, obscene, or salacious.' In considering if a touching meets this definition, a factfinder should consider whether the touching 'tends to undermine the morals of a child [and] . . . is so clearly offensive as to outrage the moral senses of a reasonable person.' [Citations omitted.]"

However, "a defendant's mental state should not be used to define or determine whether a touching is lewd." 296 Kan. at 242. In other words, even if a defendant touches a child with the requisite intent—"to arouse or to satisfy the sexual desires of either the child or the offender, or both"—the touching itself must be lewd in order to constitute aggravated indecent liberties with a child. K.S.A. 2019 Supp. 21-5506(b)(3)(A); see *Ta*, 296 Kan. at 242-43.

The *Ta* court found: "[T]he State presented evidence that Ta caressed the children's faces, hair, arms, and legs. This type of touching, when considered without regard to surrounding circumstances, was not lewd." 296 Kan. at 243. The *Ta* court noted, however, the touching must be considered in the context of the surrounding circumstances. Although Ta was a stranger, his touching of the children alarmed their mothers, and Ta admitted he had urges to have sex with young children when the touching occurred, the *Ta* court still found insufficient evidence to support Ta's conviction because "the touches were not indecent, obscene, salacious, unchaste, or licentious. Nor did the touches tend to undermine the morals of the children or outrage the moral sense of a reasonable person. [Citation omitted.]" 296 Kan. at 243.

Here, however, S.Y. alleged Freeman touched her breasts, buttocks, and genital areas. This type of touching appears lewder than the touching of the children's faces, hair, arms, and legs in *Ta*. Granted, there was some conflicting evidence as to where Freeman touched S.Y., as the district court noted in its discussion of the video interview, wherein

6

S.Y. generally motioned to her front torso area when asked where she was touched. Still, S.Y. told her mother and Taylor that Freeman touched her breasts, buttocks, and vaginal areas. The circumstances of the touching—done over the clothing in view of the other children and Freeman's wife and was a regular occurrence—likely weaken the State's claims. Still, all inferences must be drawn in favor of the State, despite weak or conflicting evidence. Although the district court may be right the evidence is weak, it is still a fact question for a jury to determine if Freeman's acts support lewd touching beyond a reasonable doubt. See *Washington*, 293 Kan. at 734.

"Whether a touching is lewd depends upon the totality of the circumstances and is a question for the jury. Accordingly, whether the action offends the moral senses of a reasonable person is a determination left to the jury. [Citations omitted.]" *State v. Rutherford*, 39 Kan. App. 2d 767, 776, 184 P.3d 959 (2008). The *Ta* court addressed whether the circumstances of the touching supported a criminal conviction, i.e., if it amounted to proof beyond a reasonable doubt. See 296 Kan. at 242-43. However, the salient question in this appeal is whether there is probable cause that Freeman committed the charged offenses when the evidence presented at the preliminary hearing is resolved in favor of the State. See *Washington*, 293 Kan. at 734. Here, the district court erred in finding there was not probable cause Freeman engaged in lewd fondling or touching of S.Y. Perhaps the outcome would be different if the same evidence was presented at trial and Freeman was challenging a criminal conviction. But that is not the issue before us, and we decline to speculate on that point. Viewed through the proper lens, "the evidence [was] sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief" that Freeman lewdly touched S.Y. *Brown*, 299 Kan. at 1030; see *Rutherford*, 39 Kan. App. 2d at 776.

As to the requisite mental state, the *Rutherford* panel noted: "With regard to arousal, this court further has held that proof of actual arousal is not required. Intent to arouse the sexual desires of the victim or the defendant is sufficient, which may be shown

by circumstantial evidence. [Citations omitted.]" 39 Kan. App. 2d at 776. Neither Freeman nor the State explicitly address whether there was sufficient evidence presented to find probable cause Freeman acted with the requisite intent. The *Ta* court "cautioned against collapsing the separate elements of a lewd touching and an intent to arouse into one element." 296 Kan. at 241. Both must be proven to constitute the offense. 296 Kan. at 242. Here, however, it does not appear the district court's decision turned on Freeman's intent; its ruling focused entirely on whether the touching was lewd. Further, "intent is a question of fact for the jury." *State v. Mitchell*, 262 Kan. 434, 437, 939 P.2d 879 (1997). Thus, we believe it would have been inappropriate for the district court to decide this point based on the evidence presented at the preliminary hearing.

There was sufficient circumstantial evidence to find probable cause Freeman acted with the requisite intent based on where he allegedly touched S.Y. and her allegation this happened many times. Even though the evidence at this stage of the proceeding may be weak as to whether any criminal conduct occurred, it remains a fact question for a jury to determine if the State, on remand, chooses to pursue the case.

Reversed and remanded with directions.